[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10823
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 27, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00904-CV-T-24MSS

SHELLY LAPENNA,
MELINDA TACKETT,
TONYA Y. JEMISON,

Plaintiffs-Appellants,

versus

GOVERNMENT EMPLOYEES INSURANCE COMPANY,
GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY,
GEICO CASUALTY COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 27, 2009)

Before CARNES, KRAVITCH and ANDERSON, Circuit Judges.

PER CURIAM:

Shelly LaPenna, Melinda Tackett and Tonya Jemison (collectively "Appellants") appeal the district court's entry of summary judgment in favor of Government Employees Insurance Company, Geico Indemnity Company, Geico General Insurance Company and Geico Casualty Company (collectively "GEICO") on Appellants' claim that GEICO is violating Fla. Stat. §§ 627.901 and 627.902 by assessing a four dollar installment service charge on automobile insurance premiums. For the reasons set forth below, we affirm.

## I. BACKGROUND

Appellants are GEICO customers and participants in GEICO's premium installment payment program. Rather than pay the full amount of their insurance premium at the beginning of each policy period, Appellants pay the premium in installments over the life of the policy. After their initial down payment, Appellants are assessed an installment fee on each subsequent installment payment.[1] Florida law regulates these installment fees. It states:

> A general lines agent may make reasonable service charges for financing insurance premiums on policies issued or business produced by such an agent or agency . . . . The service charge shall not exceed $3 per installment. The maximum service charge shall not

---

[1] The fee is intended to cover the additional administrative costs of an installment payment program.

2

exceed $36 per year. In lieu of such service charges, an insurance agent or agency, at the sole discretion of such agent or agency, may charge a rate of interest not to exceed 18 percent simple interest per year on:
(a) The unpaid balance; or
(b) The average unpaid balance as billed over the term of the policy and subject to endorsement changes

Fla. Stat. § 627.901.

GEICO claims that its installment fee is equal to eighteen percent simple annual interest on the unpaid premium balance, capped at four dollars. As such, it does not exceed the eighteen percent simple annual interest allowed under Fla. Stat. § 627.901. Appellants argue that the fee is a "service charge." As such, it is above the statutory maximum of three dollars permissible under Fla. Stat. § 627.901. The district court concluded that the fee reflected a capped rate of interest well within the statutory limitation and granted summary judgment in favor of GEICO. Appellants challenge that order.

## II. STANDARD OF REVIEW

This Court reviews a district court's grant of summary judgment de novo. Holloman v. Mail-Well Corp., 443 F.3d 832, 836 (11th Cir. 2006). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of fact and compels judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-

23, 106 S. Ct. 2548, 2552 (1986).[2]

## III.  DISCUSSION

The district court relied primarily on two facts to conclude that the installment fee reflected a capped interest fee: (1) GEICO never assessed a fee on Appellants' first premium payment because until Appellants chose to make an installment payment, rather than the full payment, there was no unpaid balance on which to charge interest, and (2) if eighteen percent simple annual interest on the unpaid balance was less than four dollars, GEICO charged the lesser amount. Appellants argue that there are genuine issues of disputed fact with respect to whether the installment fee reflects a capped interest fee.[3]  We address and reject each argument in turn.

First, Appellants contend that the district court erroneously relied on inaccurate and untrustworthy "Statement of Accounts" created by GEICO in preparation for litigation.  The district court considered and rejected this argument

---

[2]      Contrary to Appellants' argument, we apply Fed. R. Civ. P. 56(c) and not the Florida standard governing summary judgment. See Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

[3]      In support of their arguments, Appellants rely on Smith v. Foremost Insurance Company, 884 So. 2d 341 (Fla. Dist. Ct. App. 2004).  In Smith, unlike here, the defendant imposed a flat fee.  That fee both exceeded the maximum "service charge" allowed under Fla. Stat. § 627.901 and, at least occasionally, exceeded eighteen percent simple interest per year. Thus, Smith provides no support for Appellants' claims.

for two reasons. Appellants stipulated to the accuracy of the statements, and Appellants presented no evidence to support the allegation that the statements were inaccurate.

Appellants submitted affidavits challenging the accuracy of the "Statement of Accounts." On appeal, they argue that these affidavits create genuine issues of material fact sufficient to survive a motion for summary judgment. We disagree. Each affidavit alleges that GEICO assessed a four dollar installment fee before any outstanding balance was due.[4] However, the account histories that Appellants attached to their own affidavits clearly contradict this assertion. In each case, the first installment charge was assessed after the initial down payment was due and, as a result, after an unpaid balance accrued.[5]

Furthermore, the exhibits attached to Appellants' affidavits indicate that the installment fees on Appellants' final payments were frequently less than four dollars. This confirms that GEICO was not charging a flat fee. It also supports the district court's conclusion that GEICO was applying a capped interest fee.

---

[4] If no balance was due on the account the four dollar fee could not represent interest on the unpaid balance.

[5] Appellant Jemison's initial down payment was due on 12/03/2006. The first installment charge was assessed on 12/19/2006. Appellant Tackett's initial down payment was due on 04/03/2007. The first installment charge was assessed on 04/26/2007. Appellant LaPenna's initial down payment appears to have been due on 10/06/2007 and the first installment charge was assessed on 10/22/2007.

Accordingly, Appellants affidavits are not sufficient to raise a genuine issue of fact.

Next, Appellants argue that GEICO referred to the installment fee as a "service charge" on Appellants' account histories. Assuming this was true, the district court determined that GEICO's use of the term "service charge" did not raise a material issue of fact with respect to the character of the fee because record evidence unequivocally established that the charges were in fact calculated based on a capped eighteen percent simple annual interest rate. We discern no error.

Finally, Appellants stress that GEICO did not report these fees as interest income to the Internal Revenue Service ("IRS"). However, the district court noted that GEICO presented undisputed evidence that the fees were intended to offset the cost of administering the installment payment program. Accordingly, GEICO reported this income to the IRS as a reduction to the expense of administering the installment program. Thus, the district court concluded that this allegation was insufficient to raise a disputed issue of fact regarding how the charges were calculated. We discern no error.

Considering Appellants allegations individually and as a whole, we conclude that Appellants have not raised a genuine issue of material fact. Accordingly, the opinion of the district court is

AFFIRMED.[6]

---